IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN NEAL, DAVID ROBINSON, RODNEY SUTTON, and BRAD GOODYEAR,<br>　　　　　Plaintiffs | : : : : : | No. 3:14cv1104<br><br>(Judge Munley) |
| v. | : : : | |
| AIR DRILLING ASSOCIATES, INC.,<br>　　　　　Defendant | : : | |

## **MEMORANDUM**

Before the court for disposition is plaintiffs' motion for conditional certification of a collective action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b).  (Doc. 26).  The motion has been fully briefed and is ripe for disposition.  For the reasons stated below, the court will grant plaintiffs' motion.

## Background

Plaintiff Steven Neal claims that, as a field worker for Defendant Air Drilling Associates, he often worked shifts longer than twelve hours, but defendant did not pay him for time worked over twelve hours. (Doc. 29-2

1

Decl. of Steven Neal (hereinafter "Neal Decl.") ¶¶ 1, 3-4).  Neal asserts that Clinton Cox, defendant's U.S. Operations Manager, informed him on two occasions, in December 2013 and January 2014, that he would not be paid for working more than twelve hours per day.  (Id. ¶ 5).  Neal also overheard Cox inform other employees that they would not be paid for more than twelve hours per day.  (Id.)

Two other supervisors, Milton DeHerrera, Jr. and Jim Benson, also informed plaintiff he would not be paid for more than twelve hours per day.  (Id. ¶ 6).  Plaintiff claims he generally worked from 12.5 to more than 16 hours per day from August 2013 through April 2014, but was paid for only twelve hours each day.  (Id. ¶¶ 7-8).

Three other individuals, David Robinson, Rodney Sutton, and Brad Goodyear (hereinafter, collectively, "opt-in plaintiffs") filed notices of consent to become party plaintiffs.  (Docs. 5-8).  All three are former employees of Defendant Air Drilling Associates, where they worked as field workers.  (Docs. 29-1 Decl. of Brad Goodyear (hereinafter "Goodyear

Decl.") ¶ 1; 29-3 Decl. of David Robinson (hereinafter "Robinson Decl.") ¶ 1; 29-4 Decl. of Rodney Sutton (hereinafter "Sutton Decl.") ¶ 1). All of the opt-in plaintiffs assert that they often worked beyond their twelve hour shift without compensation. (Goodyear Decl. ¶¶ 3-4, 6; Robinson Decl. ¶¶ 2-3, 5; Sutton Decl. ¶¶ 2-3, 5).

The opt-in plaintiffs also claim that Mr. Cox instructed them that they would not be paid for time worked beyond twelve hours. (Goodyear Decl. ¶ 5; Robinson Decl. ¶ 4; Sutton Decl. ¶ 4). Opt-in Plaintiffs Robinson and Sutton submitted timesheets recording time worked in exact twelve-hour increments, which they argue demonstrates that defendant paid them based on their scheduled shift, and not based on the time they actually worked. (Doc. 29-6). All opt-in plaintiffs claim they routinely worked shifts longer than twelve hours without compensation. (Goodyear Decl. ¶ 6; Sutton Decl. ¶ 5; Robinson Decl. ¶ 5).

Plaintiff Neal filed a putative collective and class action complaint on behalf of himself and others similarly situated. (Doc. 1). The opt-in

plaintiffs joined on July 3 and July 7, 2014.  (Docs. 3-7).  Plaintiffs allege that defendant failed to compensate them for all hours worked in violation of the Fair Labor Standards Act (hereinafter "FLSA").  Presently before the court is plaintiffs' motion for certification of a collective action.  Plaintiffs request an order authorizing notice to similarly situated persons pursuant to 29 U.S.C. § 216(b).  These similarly situated persons can then decide whether to opt into this action.  The parties have briefed the issue bringing the case to its present posture.

**Jurisdiction**

The instant suit is brought under the FLSA, which provides that suit "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction . . . ."  29 U.S.C. § 216(b).  Accordingly, the court has federal question jurisdiction.  See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")

**Standard of Review**

The FLSA mandates that employers pay their employees for all hours worked, including a minimum of one and a half times their regular rate for each hour over forty per week.  See generally 29 U.S.C. § 201, *et seq*.  The FLSA provides a private right of action to recover for violations of the FLSA, including a collective action.[1]

Two requirements must be met to maintain an FLSA collective action: (1) plaintiff must be similarly situated to the collective action group; and (2) collective action group members, or "opt-in" plaintiffs, must file a written notice of consent with the court.  29 U.S.C. § 216(b).  Section 216(b) does not define "similarly situated," although the phrase contemplates

---

[1] The FLSA specifically provides that:

> An action to recover [for violations of the FLSA] may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

5

individuals "employed under the same terms and conditions." 2 L<small>ES</small> A. S<small>CHNEIDER</small> & J. L<small>ARRY</small> S<small>TINE</small>, W<small>AGE</small> &H<small>OUR</small> L<small>AW</small>: C<small>OMPLIANCE</small> & P<small>RACTICE</small> § 20.19.50.

To determine whether a plaintiff is similarly situated to the proposed collective action group, district courts in this circuit have developed and applied a two-step approach.[2]  See, e.g., Morisky v. Pub. Serv. Elec. & Gas Co., 111 F. Supp. 2d 493, 497 (D.N.J. 2000).  These two steps are: (1) to determine whether employees in the complaint are similarly situated to the plaintiff; and (2) to determine whether the plaintiffs who have opted in are similarly situated to the plaintiff. Symczyk v. Genesis HealthCare Corp., 656 F.3d 189, 192 (3d Cir. 2011), rev'd on other grounds,133 S. Ct. 1523 (2013)); Zavala v. Wal Mart Stores Inc., 691 F.3d 527, 537 (3d Cir. 2012).  The first step usually occurs early in the litigation when the court

---

[2] The Third Circuit Court of Appeals has noted that this two-tier approach, while "nowhere mandated, . . . appears to have garnered wide acceptance." Symczyk v. Genesis HealthCare Corp., 656 F.3d 189, 193 n.5 (3d Cir. 2011), rev'd on other grounds, 133 S. Ct. 1523 (2013).  The Symczyk court implicitly embraced this two-step approach and affirmed its use. Id.

has minimal evidence. The second step occurs after discovery is complete, typically prompted by the defendant's motion for decertification.

At issue in this case is step one. In articulating the standard to be applied at this initial stage, the Third Circuit has adopted the "modest factual showing" standard. <u>Zavala</u>, 691 F.3d 527, 536. Under this standard, "a plaintiff must produce some evidence, 'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." <u>Symczyk</u>, 656 F.3d at 193 (internal citations omitted).

**Discussion**

Plaintiffs propose a putative class consisting of "[a]ll non-exempt field employees who have worked for Defendant Air Drilling Associates, Inc. ("Defendant") during any time within the past three years." (Doc. 29 at 1). Plaintiffs assert the existence of a nexus of facts common to all four plaintiffs and the putative class satisfying step one's modest factual showing standard. Defendant argues plaintiffs' claims are not credible and

7

conditional certification is unwarranted. After careful consideration, the court agrees with plaintiffs.

Plaintiffs' evidence establishes the existence of a nexus of facts common to all four plaintiffs and the putative class in three ways. First, the sworn declarations of the four plaintiffs establishes that they all: 1) worked as field workers; 2) were regularly scheduled to work twelve hour shifts; 3) often worked beyond twelve hours; 4) were not compensated for work beyond twelve hours; and 5) were consistently told by supervisors that they would not be paid for more than twelve hours per day. (Neal Decl. ¶¶ 1, 3-8; Goodyear Decl. ¶¶ 1, 3-6; Robinson Decl. ¶¶ 1-4; Sutton Decl. ¶¶ 1-5).

Second, defendant concedes that Plaintiff Neal and "other field technicians are generally scheduled to work 12-hour shifts when on-site at oil and gas drilling sites." (Doc. 18, Answer ¶ 12).

Third, plaintiffs' timesheets demonstrate that defendant recorded plaintiffs' time as scheduled, in exact twelve hour increments, and not as allegedly worked. (Doc. 29-6). These timesheets, along with plaintiffs'

statements that supervisors told them they would not be paid for more than twelve hours per day, suffices, for the purposes of a step one analysis, to establish a company policy applicable generally to all members of the putative class.

The court's task is simply to determine whether the plaintiffs have produced some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected them and the manner in which it affected other employees.  See Outlaw v. Secure Health L.P., No. 3:11-CV-602, 2012 WL 3150582 at *3 (M.D. Pa. Aug. 2, 2012) (stating that courts that apply the modest factual showing standard are nonetheless careful not to delve into the merits of the case . . . .).  Plaintiffs have produced sufficient evidence to satisfy the modest factual showing standard and have established the required factual nexus.

Defendant disputes Plaintiff Neal's factual allegations as well as some aspects of the opt-in plaintiffs' sworn declarations.  Defendant argues that plaintiffs' claims are not credible, and provides alternative facts

to counter plaintiffs' statements.  Defendant's arguments in this regard, however, are premature.  At the step-one inquiry, the court does not weigh the evidence, resolve factual disputes, or reach the merits of plaintiff's claims.  See Pereira v. Foot Locker, 261 F.R.D. 60, 67 (E.D. Pa. 2009) ("We cannot discount Plaintiff's evidence of such complaints by weighing them substantively with Defendant's explanations and exploring the merits of the claim.")  Defendant's can properly raise these counterarguments in step two of the analysis by filing a motion to decertify after the parties complete discovery or in a motion for summary judgment.

**Conclusion**

For the reasons stated above, and pursuant to the FLSA, the court will grant plaintiffs' motion for the conditional class certification of similarly situated, non-exempt field employees who have worked for Defendant Air Drilling Associates, Inc. during any time within the past three years.  An appropriate order follows.

**Date: 1/16/15**                                          **s/ James M. Munley**
                                                                                 **JUDGE JAMES M. MUNLEY**
                                                                                 **United States District Court**